IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:07CR57 |
| | § | (Judge Davis) |
| MICHAEL LAYNE SMITH (01) | § | |

**PLEA AGREEMENT**

Defendant Michael Layne Smith, Ken Hawk, Defendant's attorney, and the United States Attorney for the Eastern District of Texas agree to the following:

1. **RIGHTS OF THE DEFENDANT**: Defendant understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have his guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in his defense; and

    e. to not be compelled to testify against himself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: Defendant waives these rights and agrees to enter a plea of guilty to Count 1 of the Indictment. Count 1 charges a violation of 21 U.S.C. § 846, Conspiracy to Possess with intent to distribute methamphetamine. Defendant understands the nature and elements of the crime to which he is pleading guilty.

3. **Sentence**: The [minimum and] maximum penalties the Court can impose include:

Count 1:

    a.    Imprisonment for a term of not less than 10 years or more than life;

    b.    a fine not to exceed $4,000,000, or both;

    c.    a term of supervised release of at least 5 years, which may be mandatory under the law and will follow any term of imprisonment. If Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100, which must be paid by cashier's check or money order to the United States District Clerk **before sentencing**;

    e.    restitution to victims or to the community, which may be mandatory under the law and which may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4.   **COURT'S SENTENCING DISCRETION AND ROLE OF THE GUIDELINES**: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the U.S. Sentencing Guidelines Manual (U.S.S.G. or guidelines). The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with his attorney, but understands that no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw his plea if the sentence is higher than expected, so long as it is within the statutory maximum. Defendant understands that the actual sentence to be imposed is solely in the discretion of the Court.

5.   **GUIDELINE STIPULATIONS**: The parties stipulate to the following factors that may affect the appropriate sentencing range in this case:

    a.    The amount of controlled substances attributable to the Defendant is at least 500 grams but less than 1.5 kilograms of a mixture or substance containing a detectable amount of methamphetamine which establishes a

Plea Agreement, Page 2

       base offense level under U.S. Sentencing Guidelines Manual § 2D1.1 of 32;

  b.  A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office. **If circumstances indicating that the Defendant has not accepted responsibility become known after entry of this agreement, this stipulation is void and Defendant may object to the failure of the Presentence Report to recommend the reduction. Additionally, the Government's request to decrease the offense level by <u>one</u> additional level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the Defendant clearly demonstrating that he has accepted responsibility for his offense conduct.**

The parties understand that the Court is not bound by these agreements.

  6.  **DEFENDANT'S COOPERATION**: Defendant shall cooperate with the Government by giving truthful and complete information and/or testimony concerning his participation in the offense of conviction and knowledge of criminal activities. Upon request, Defendant shall submit a personal financial statement under oath and submit to interviews by the Government and the United States Probation Office regarding his capacity to satisfy any fines or restitution. The Government will advise the Court of the extent of Defendant's cooperation. The Defendant understands that if he intentionally provides false information or testimony to implicate an innocent person in the commission of a crime, protects a guilty person, and/or exaggerates the involvement of any person in a crime in order to appear cooperative, he will be committing a material violation of this plea agreement which could result in the rescission of this agreement, the prosecution of Defendant for the charges identified in paragraph 2, any other federal criminal offenses he may have committed, and the use of any information, including statements, provided by Defendant pursuant to this agreement against the Defendant in any proceeding.

  7.  **SUBSTANTIAL ASSISTANCE**: If, in its sole discretion, the Government determines that Defendant has provided substantial assistance in the investigation or prosecution of others,

the United States will file a motion for downward departure pursuant to U.S.S.G. § 5K1.1 or a motion for reduction of sentence pursuant to Fed. R. Crim. P. 35(b). Defendant's cooperation does not automatically require the United States to request a downward departure, and the time for filing such motion will be determined by the Government. **It is entirely within the Court's discretion as to what, if any, reduction in sentence Defendant will receive.**

8. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute Defendant for any additional non-tax-related charges based upon the conduct underlying and related to Defendant's plea of guilty. After sentencing, the Government will dismiss any remaining Counts of the Indictment against this Defendant.

9. **VIOLATION OF AGREEMENT**: Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from its obligations under this agreement and may prosecute Defendant for all offenses of which it has knowledge. In such event, Defendant waives any objections based upon delay in prosecution.

10. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this plea agreement.

11. **FORFEITURE**: Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following property which is subject to forfeiture pursuant to Title 21 U.S.C. § 853:

A. a Mossberg, Model 500C, 20 gauge shotgun, bearing serial #R545891.

Defendant agrees that the above described property is subject to forfeiture to the Government pursuant to the aforementioned statutes. Defendant agrees to fully assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the

United States, including but not limited to surrender of title and execution of any documents necessary to transfer interest his in any of the above property to the United States, and take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving his property, and agrees not to file a claim or assist others in filing a claim in that forfeiture proceeding. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. Defendant agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States or its subdivisions. Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the Defendant in addition to the forfeiture.

12. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE:** Except as otherwise provided herein, Defendant expressly waives the right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

13. **REPRESENTATION OF COUNSEL**: Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received satisfactory explanations from his lawyer concerning each paragraph of this plea agreement, each of his rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, Defendant concedes that he is guilty and has concluded that it is in his best interest to enter this agreement rather than proceeding to trial.

14. **LIMITATIONS ON THIS AGREEMENT**: This plea agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release Defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

15. **ENTIRETY OF AGREEMENT**: Defendant, Defendant's attorney, and the United States Attorney for the Eastern District of Texas acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

JOHN L. RATCLIFFE
ACTING UNITED STATES ATTORNEY

Dated: 11/15/07

RICHARD L. MOORE   for
Assistant United States Attorney

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: _____

MICHAEL LAYNE SMITH
Defendant

I am Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

Dated: 11-5-07

KEN HAWK
Attorney for Defendant